QUEEN CITY BARREL–HEADER CO. et al. v. STANDARD OIL CO. et al.

(Circuit Court, N. D. New York. November 13, 1897.)

PATENTS—CONSTRUCTION OF CLAIM—BARREL-HEADING MACHINES.

The Mulvaney patent, No. 437,785, for improvements in barrel-heading machines, is not entitled, in view of the prior state of the art, to a broad construction of the first and fifth claims, the novel feature of which consists in placing a counterbalanced ring on the outside of pivoted arms, so as to bring the bearing-pieces mounted thereon rigidly against the staves of the barrel, thereby forming a compressor; and these claims are not infringed by a device in which the old truss hoop is pulled down upon the barrel by the use of the well-known machine called "the Yankee cooper," or by a device in which the truss hoop is counterbalanced and pivoted to a rod moving vertically in a rigid standard, which is permanently fastened to the bedplate of the machine.

This was a suit in equity by the Queen City Barrel-Header Company and others against the Standard Oil Company and others for alleged infringement of a patent for improvements in barrel-heading machines.

John W. Strehli and E. H. Wells, for complainants.

M. B. Philipp, M. H. Phelps, and C. A. Talcott, for defendants.

COXE, District Judge (orally). This is an equity suit for the infringement of letters patent, No. 437,785, granted October 7, 1890, to J. J. Mulvaney, Jr., for improvements in barrel-heading machines. The claims alleged to be infringed are the first and fifth. They are as follows:

"(1) In a barrel-heading machine, a series of bearing-pieces mounted upon pivoted arms and constituting a compressor, means for bringing the bearing-pieces inward to encircle and bear against all the staves of the barrel at its periphery, and devices for holding said bearing-pieces rigidly in position against the staves while moving downward, in combination with mechanism for moving the compressor downward, substantially as described."

"(5) In a barrel-heading machine, a series of bearing-pieces mounted on arms, as B, in combination with a counterbalance, and a ring, as F, hinged to one of said arms, substantially as set forth."

The defenses are lack of novelty and invention and noninfringement. The latter defense is the only one which will be considered.

In view of the state of the art it is manifest that neither of the claims involved is capable of a broad construction. It is thought that the best reference of the defendants is the St. Louis prior use. It is established beyond doubt that long prior to the date claimed by the inventor for his invention a truss hoop was pulled down upon the barrel for the purpose of compressing the staves by a machine well known in the barrel-making art as "the Yankee cooper." If to the arms of the St. Louis device were added a series of broader bearing-pieces the operation would be identical with the operation now practiced in the defendants' factory. The proof is undisputed that for several years the defendants' method has consisted in pulling down upon the barrel the old truss hoop by the use of "the Yankee cooper," to the arms of which are attached broad bearing-surfaces. It is impossible to hold that a construction can be placed upon the claims broad enough to include this operation.

It appears also that before the method just referred to was used the truss hoop was counterbalanced and pivoted to a rod moving vertically in a rigid standard, the latter being permanently fastened to the bedplate of the machine. It is argued by the complainants that this latter construction is an infringement. This contention cannot be maintained. It would seem to be within the province of the ordinary workman, in view of the device shown in the English patent to Clapperston and Lyle, No. 1,764, July 4, 1865, in which a pivoted counterbalanced ring is shown, to provide such a device for holding and manipulating the hoop used in the St. Louis factory. But even if this were otherwise the hoop of the defendants can in no event be regarded as the equivalent of the ring of the patent. In neither of the methods used by the defendants do the bearing-pieces

of the pivoted arms constitute a compressor; in neither are the bearing-pieces brought inwardly to encircle and bear against the staves of the barrel; in neither is there a device for holding the bearing-pieces rigidly in position against the staves. The novel feature of the claims consists in placing the counterbalanced ring upon the outside of the arms so as to bring the bearing-pieces rigidly against the staves of the barrel. The defendants do not use this construction. The hoop of the defendants as first used was, as before stated, pivoted to a separate and independent standard and not to one of the moving arms, as described in the specification and fifth claim. The bill is dismissed.